# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PEPSI-COLA METROPOLITAN BOTTLING CO., INC.** : | |
| **Plaintiff,** : | |
| **v.** : | **CIVIL NO. 10-mc-222** |
| : | |
| **INSURANCE CO. OF NORTH AMERICA, INC; and** : | |
| : | |
| **ONEBEACON AMERICA INSURANCE CO.** : | |
| **Defendants.** : | |

## MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                                                            **January 25, 2011**

Pending before the Court is Non-Party Resolute Management Inc., Mid-Atlantic Division's Motion to Quash and/or for a Protective Order. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was held. For the reasons that follow, the Motion will be denied.

### I. Background

Resolute Management Inc., Mid-Atlantic Division ("Resolute"), a non-party to this case, currently pending in the United States District Court for the Central District of California, now moves this Court to quash a Rule 30(b)(6)[1] Subpoena to testify issued by plaintiff Pepsi-Cola Metropolitan Bottling Company, Inc ("Pepsi"), or, alternatively, to enter a protective order

---

[1] Under Fed. R. Civ. P. 30(b)(6), a "party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf."

excusing Resolute from presenting itself for deposition.

A brief review of the pending California litigation is necessary to the disposition of Resolute's Motion. On April 14, 2010, Pepsi sued one of its insurers, Insurance Company of North America ("INA") for its alleged failure to pay Pepsi's defense costs in a series of environmental lawsuits,[2] claiming, *inter alia*, breach of contract and bad faith.[3] Century Indemnity Company ("Century"), answered the Complaint and appeared as the defendant on behalf of INA.[4] On December 28, 2010, the California District Court granted partial summary judgment on Pepsi's motion, ruling that INA/Century had breached its contractual defense obligations through: (1) a "pattern of delaying its reimbursements to Pepsi";[5] and (2) its failure to fully reimburse Pepsi for its litigation costs.[6] The court bifurcated the determination of damages, ordering that attorneys' fees be decided in arbitration,[7] and other remaining damages be decided by a jury.[8]

On November 17, 2010, Pepsi deposed INA/Century pursuant to the Federal Rule of Civil

---

[2] Id. at 3.

[3] Pepsi-Cola Metro. Bottling Co., Inc. v. Ins. Co. of N. Am., Inc., at 2, No. CV 10-2696 (C.D. Cal. Dec. 28, 2010) (doc. no. 251).

[4] INA was restructured in 1995, and was succeeded by CCI Insurance Company, which merged with Century Indemnity Company. For the purposes of this litigation, INA is the same entity as Century, and for ease of reading, shall be referred to as INA/Century throughout this opinion. See Id. at 2 n.1.

[5] Id. at 13.

[6] Id. at 19.

[7] Id. at 31.

[8] Id. at 28.

Procedure 30(b)(6).[9]  Kevin Winey, an employee of Resolute, appeared as INA/Century's 30(b)(6) designee.  Through Winey's deposition, and documents provided by INA/Century to Pepsi in October or November 2010, Pepsi learned that Resolute—a company located in Philadelphia, Pennsylvania—has managed all of INA/Century's claim-handling activities in connection with the underlying suits since 2004.[10]  Accordingly, Pepsi issued a 30(b)(6) subpoena for Resolute, and two subpoenas for Winey's supervisors, Gregory Kelder and Daniel Brehm.  Resolute produced Kelder and Brehm for half-day depositions on December 17, 2010, but refused to designate a witness for the 30(b)(6) subpoena.

Instead, Resolute filed this Motion to Quash the Subpoena, or Alternatively, for a Protective Order.  In its Motion, Resolute first argues that the subpoena seeks "unreasonably cumulative and/or duplicative" information that Pepsi already had the opportunity to gather from Winey, Kelder, and Brehm.[11]  Second, Resolute claims that the subpoena seeks the disclosure of irrelevant, privileged and confidential information.  Finally, Resolute claims that the burden imposed by the subpoena outweighs its likely benefit.  In response, Pepsi argues that the Resolute 30(b)(6) deposition is necessary to the development of its bad faith claim, and that it seeks information not yet obtained through any other discovery.  The Court has considered the Motion, Response in Opposition, Reply and Sur-reply, and this matter is now ready for disposition.

---

[9] Def.'s Opp'n at 3.

[10] Decl. of Michael Molland, ¶ 3 ("Molland Decl.").

[11] Mot. to Quash at 7–8.

# I. DISCUSSION

The Federal Rules of Civil Procedure allow the examination of a deponent concerning "any matter, not privileged, which is relevant to the subject matter involved in the pending action."[12] Relevance under Rule 26(b)(1) is therefore construed more broadly for discovery than for trial; the information sought does not need to be admissible at trial, so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Therefore, relevancy is not limited to the precise issues set out in the pleadings.[13] Notably, "[a] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be 'especially hesitant to pass judgment on what constitutes relevant evidence thereunder.'"[14] Therefore, if relevance is unclear, Rule 26(b)(1) indicates that the court should be permissive.[15]

"While broad, the scope of discovery is not boundless."[16] Courts have the discretion to limit relevant discovery under certain circumstances:

> The frequency or extent of use of the discovery methods otherwise
> permitted under these rules and by any local rule shall be limited
> by the court if it determines that (i) the discovery sought is

---

[12] Fed. R. Civ. P. 26(b).

[13] Oppenheimer Fund, Inc. v. Sanders, 437 US 340, 351 (1978).

[14] Truswal Sys. Corp. v. Hydro-Air, 813 F.2d 1207, 1211–12 (quoting Horizons Titanium Corp. v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961); see also Application of Zenith Radio Corp., 1 F.R.D. 627, 630 (E.D. Pa. 1941); In re Gateway Eng'rs, Inc., No. 2:09-mc-209, 2009 WL 3296625, at *3 (W.D. Pa. Oct. 9, 2009).

[15] In re Gateway Engineers, Inc., 2009 WL 3296625 at *3.

[16] Unicasa Mktg. Grp., LLC v. Spinelli, No. 04-4173, 2007 WL 2363158, at *2 (D.N.J. Aug. 15, 2007).

> unreasonably cumulative or duplicative, or is obtainable from some
> other source that is more convenient, less burdensome, or less
> expensive; (ii) the party seeking discovery had ample opportunity
> by discovery in the action to obtain the information sought; [or]
> (iii) the burden or expense of the proposed discovery outweighs its
> likely benefit. . . .[17]

Further, under Rule 45(d)(1), a person who has been served with a discovery subpoena may

move either for a protective order under Rule 26(c) or for an order quashing or modifying the

subpoena under Rule 45(c)(3).   Here, Resolute has moved this court to quash the 30(b)(6)

subpoena, or, alternatively, to enter a protective order excusing it from appearing at the

deposition.  We address Resolute's arguments in turn.


A.      **Resolute's Motion for a Protective Order**

        Under Federal Rule of Civil Procedure 26(c), it is "well-established that a party wishing

to obtain an order of protection over discovery material must demonstrate that "good cause"

exists for the order of protection."[18]   "Good cause" to issue a protective order exists when

disclosure will result in a "clearly defined and serious injury to the party seeking the protective

order."[19]  The alleged injury must be articulated with specificity; "[b]road allegations of harm,

unsubstantiated by specific examples or articulated reasoning" are insufficient.[20]

        In the present case, Resolute has not demonstrated that the subpoena would cause a

---

[17] Fed. R. Civ. P. 26(b)(C)(i)–(iii).

[18] Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d. Cir. 1994).

[19] Id.

[20] Id. (citing Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987)).

"clearly defined and serious injury."[21]  Although Resolute claims that the subpoena "seeks to delve into irrelevant and commercially sensitive areas of Resolute's operations, including the handling of other active cases and Resolute's business relationship with other corporate entities, all of which are privileged, confidential and protected," it identifies neither the source of the claimed privilege, nor the anticipated injuries that will result from disclosure.[22]  Resolute's conclusory statements are insufficient to carry Resolute's burden to show good cause: "Absent a showing that a defined and serious injury will result . . . a protective order should not issue.[23] Therefore, the Court declines to enter a protective order excusing Resolute from answering Pepsi's 30(b)(6) subpoena.

**B.      Resolute's Motion to Quash**

Federal Rule of Civil Procedure 45(c)(3)(A) authorizes a court to quash or modify a subpoena if it subjects a person to an undue burden.[24]  "Accordingly, a District Court may quash or modify a subpoena if it finds that the movant has met its *heavy burden* of establishing that compliance with the subpoena would be 'unreasonable and oppressive.'"[25]  This burden is

---

[21] Glenmede Trust v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995).

[22]  Mot. to Quash at 13.

[23] Glenmede Trust Co., 56 F.3d at 485.

[24] Rule 45(c)(3)(A) also authorizes the Court to quash a subpoena if it requires the production of confidential commercial information.  Because the Court has addressed the insufficiency of Resolute's confidentiality claims, *supra*, there is no need to repeat that analysis here.

[25] Composition Roofers Union Local 30 Welfare Trust Fund, et al. v. Graveley Roofing Enter., Inc., 160 F.R.D. 70, 72 (E.D. Pa. 1995) (emphasis added).

"particularly heavy to support a motion to quash as contrasted to some more limited protection."[26]  In deciding whether to grant the motion to quash, the district court must balance the relevance of the discovery sought, the requesting party's needs, and the potential hardship to the party subject to the subpoena.[27]

Here, Resolute argues that the subpoena should be quashed because "it is cumulative and duplicative, irrelevant to the issues germane to the California Coverage Action, and otherwise seeks privileged, confidential, and commercially sensitive information."  In response, Pepsi argues that the subpoena topics are relevant because Resolute has been in complete control of Pepsi's litigation claims since 2004, and because "Pepsi's bad faith claim against INA is based on Resolute's decisions to decline coverage and reduce payments of Pepsi's defense costs and repeated lengthy delays in making any payments that have been made."[28]  Pepsi also alleges that previous depositions indicate the need to investigate "whether the reinsurance relationship between NICO and Resolute resulted in a conflict of interest or institutional bias that caused the denial or partial denial of its claims."[29]

To determine the relevancy of Pepsi's request, it is necessary to construe the elements of its bad faith claim.  Under California law, "an insurer's denial or delay in paying benefits gives

---

[26] Westinghouse Elec. Corp. v. City of Burlington, 351 F.2d 762, 766 (D.C. Cir. 1965).

[27] In re Automotive Refinishing, 229 F.R.D. 482, 296 (E.D. Pa. 2005) (noting that a "[a] discovery objection based on 'undue burden' can be evaluated by considering factors such as 'relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed").

[28] Opp'n at 9.

[29] Opp'n at 10.

rise to tort damages only if the insured shows the denial or delay was unreasonable."[30]  Because

bad faith implies unfair dealing rather than mistaken judgment, a party bringing a bad faith claim

must show a "conscious and deliberate act."  Therefore, during the jury trial to determine

damages, Pepsi must show that INA/Century unreasonably delayed and denied payments.[31]  In

order to gather evidence to support its claim, Pepsi must investigate both the relationship

between Resolute and INA/Century and Resolute's claims handling practices.  Although

Resolute claims that the information sought—specifically, Resolute's operating protocols and

business practices—is irrelevant to the breach of contract and bad faith allegations, this Court

disagrees.  To show bad faith, as opposed to mere negligence, "a review of the policies and

procedures of the companies in order to determine whether those policies instructed claims

handlers to act in bad faith or provided them with an incentive structure that led to bad faith

actions is necessary."[32]  Although it is true that "courts are reluctant to open up insurance

companies to broad discovery of their internal practices and policies without some kind of prima

facie showing that there is a valid reason," Pepsi has sufficiently provided evidence of the

relevance of this subpoena.[33]

      Resolute also argues that even if the topics sought by the Resolute subpoena are relevant,

the subpoena is unreasonably cumulative and duplicative of the topics covered in the Winey,

Brehm, and Kelder depositions.  Thus, Resolute argues that because its involvement in the claims

---

[30] Wilson v. 21st Century Ins. Co., 42 Cal. 4th 713, 723 (2007).

[31] Id. at 726.

[32] Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 177 (E.D. Pa. 2004).

[33] Id. at 178.

at issue has been fully explained in previous depositions, this discovery is irrelevant and overly broad. However, Pepsi has identified the specific areas where the testimony of the prior deponents was lacking. Specifically, the deponents were unable to address the source of the delays in the payment of Pepsi's claim, Resolute's relationships with the insurers and reinsurers, and the overall scheme of decision-making at Resolute—all topics relevant to Pepsi's bad faith claim.[34] Accordingly, the proposed discovery is neither cumulative nor redundant.

### III. Conclusion

Therefore, in accordance with the foregoing reasons, the Court will deny Resolute's Motion to Quash and/or for a Protective Order. An appropriate order follows.

---

[34] See Opp'n at 11–13.